

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2007

# Kimble v. Morgan Prop

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5232

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Kimble v. Morgan Prop" (2007). *2007 Decisions*. Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5232

_____

LEONARD L. KIMBLE,

Appellant

v.

MORGAN PROPERTIES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cv-09359)
District Judge: Hon. Petrese B. Tucker

_____

Submitted under Third Circuit LAR 34.1(a)
on February 1, 2007

Before: BARRY and ROTH, Circuit Judges, and
IRENAS*, District Judge

(Opinion Filed July 31, 2007)

_____

*Honorable Joseph E. Irenas, United States District Court Judge for the District of
New Jersey, sitting by designation.

OPINION

**ROTH**, Circuit Judge

Leonard Kimble appeals from an order dismissing part of his employment discrimination and age discrimination lawsuit, as well as adverse rulings concerning the admissibility of evidence during the trial on his retaliation claim. For the reasons set forth below, we will affirm the judgment of the District Court.

## I.  Background and Procedural History

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to this appeal.

Appellant Kimble is a 53 year-old African-American male, formerly employed by appellee, Morgan Properties Group (Morgan), a corporation doing business in Pennsylvania. Kimble had worked for Morgan since 1996. Between 1998 and 1999 Kimble had received two favorable performance reviews. In 1999, the position of assistant maintenance supervisor opened up. In November 1999, the promotion to this position was given to Greg Bailey, a white male. Kimble complained to his supervisors that Bailey had been promoted over him; Kimble alleged that Bailey was less qualified and less experienced.

In March 2000, Kimble was under the supervision of James DeCray, a white male. During that month Kimble received another favorable performance evaluation; however, the evaluation was less favorable than his two previous performance evaluations. Moreover,

2

during the summer of 1999, Kimble had received warnings from DeCray and another supervisor because of inappropriate communications that Kimble had made to three tenants regarding their air conditioning. Nevertheless, on May 30, 2000, Kimble was offered the position of assistant supervisor at another Morgan location. Kimble accepted this promotion and was given the option of moving into that Morgan Properties facility or finding his own accommodations nearby. Supervisors are expected to live near the properties that they supervised in order to be able to perform designated on-call duties, during specific, non-business hours. Kimble was temporarily excused from on-call duties to allow him to move closer to the facility. However, Kimble refused an on-call assignment on July 1, 2000. He was given a warning and told that he would have to begin performing on-call duties or he would be fired. Kimble refused another on-call assignment on July 11, 2000, and was fired.

Kimble claimed Morgan failed to promote him initially (to the position given to Greg Bailey) and later terminated him because of his race and age. Kimble also claimed that he was terminated in retaliation for having complained about racial discrimination by his supervisors. Kimble originally filed a complaint in the Court of Common Pleas for Philadelphia County pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 (§ 1981), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, and the Pennsylvania Human

3

Relations Act (PHRA), 43 Pa.C.S.A. § 951.[1]  Morgan removed the matter to federal court. The District Court granted summary judgment in favor of Morgan on Kimble's discrimination claim but found issues of material fact remained with respect to Kimble's retaliation claim.  At trial the jury found in favor of Morgan.  Kimble moved for and was denied a new trial by the District Court.  Kimble filed a timely appeal with this Court. Kimble contends the District Court's grant of summary judgment and adverse evidentiary rulings were in error.  Because we find no merit to the contentions in Kimble's appellate brief and no error with the District Court's actions, we will affirm.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction over this case under 28 U.S.C. § 1331, with supplemental jurisdiction over Kimble's claims based on state law.  We have jurisdiction to review the final judgment of the District Court under 28 U.S.C. § 1291.

We review the grant of summary judgment de novo.  *See McGreevey v. Stoup*, 413 F.3d 359, 363 (3d Cir. 2005).  Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Saldana v. Kmart Corp.,* 260 F.3d 228, 232 (3d Cir. 2001); Fed.R.Civ.P. 56(c).  However, to survive summary judgment,

---

[1]Kimble has not raised the District Court's dismissal of the PHRA or ADEA claims on appeal.

the non-moving party must present more than a mere scintilla of evidence supporting its claims. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The District Court's ruling as to the admissibility of evidence is reviewed under an abuse of discretion standard. *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 749 (3d Cir. 1994).

## III. <u>Analysis</u>

Claims of discrimination under Title VII are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-4 (1973). In order to establish a prima facie case of racial discrimination, a claimant must demonstrate that (1) he is a member of a protected class; (2) he was qualified for the position he held or sought; (3) he suffered an adverse employment action; and (4) similarly situated persons who are not members of the protected class were treated more favorably, or that the circumstances of his termination give rise to an inference of discrimination. *See id.* at 802*, Jones v. Sch. Dist. of Phila.,* 198 F.3d 403, 410-11 (3d Cir. 1999). If a plaintiff establishes a prima facie case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision. *See Goosby v. Johnson & Johnson Med., Inc.,* 228 F.3d 313, 319 (3d Cir. 2000). If the defendant meets this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination. *See Jones*, 198 F.3d at 410. In order to show pretext, a plaintiff must submit evidence which (1) casts doubt upon the legitimate reason proffered by the

employer such that a factfinder could reasonably conclude that the reason was a fabrication; or (2) would allow the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the employee's termination. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

In granting summary judgment against Kimble on his discrimination claim, the District Court found that Kimble failed to satisfy the fourth element of a prima facie case. Kimble, however, claimed that Greg Bailey, a white male who was promoted, was a similarly situated individual outside the protected class who was treated more favorably. Kimble relies on *Jones* for the proposition that any time a person outside the protected class is promoted over a qualified member of the protected class, they have satisfied the fourth element in establishing a prima facie case. We agree with Kimble's position in this regard.

Morgan, however, asserted that it had a legitimate, non-discriminatory reason for not promoting Kimble: he was not promoted because he had received three warnings during the months before the promotion occurred. Kimble had been formally reprimanded by his employer in these warnings for inappropriate behavior toward residents of the property where he sought to be promoted to supervisor. Greg Bailey had not been reprimanded for any such conduct. Moreover, Kimble was terminated for refusing to perform required on-call duty. Kimble introduced no evidence that the circumstances, surrounding Morgan's decisions not to promote and to terminate him, could give rise to pretext or an inference of discrimination. *See Fuentes*, 32 F.3d at 764. The District Court therefore properly granted summary

6

judgment in favor of Morgan on the discrimination claim.

We have also reviewed Kimble's contentions that the District Court improperly excluded certain evidence at the trial of Kimble's retaliation claim. We have carefully reviewed these contentions and find them to be without merit.

## IV. **Conclusion**

For the reasons set forth above, we will **affirm** the judgment of the District Court.